```
                    UNITED STATES DISTRICT COURT
                   WESTERN DISTRICT OF WASHINGTON
                            AT TACOMA
```

| | |
|---|---|
| JUANITA ERMEY, | |
| Plaintiff, | CASE NO. C08-5537JKA |
| v. | ORDER REMANDING |
| MICHAEL J. ASTRUE, Commissioner of Social Security Administration, | ADMINISTRATIVE DECISION |
| Defendant. | |

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision. Plaintiff's Opening Brief raise the following questions:

(i) whether Ms. Ermey's migraine headaches are "severe" at Step 2 of the sequential evaluation;

(ii) whether the ALJ provided legally adequate reasons for finding Ms. Ermey's testimony not credible;

(iii) whether the ALJ was required to consider the affidavit by Ms. Ermey's father;

(iv) whether the ALJ's reasons for rejecting Dr. Miklos' opinions of limitation were clear and convincing;

(v) whether the ALJ's reasons for rejecting Dr. Neims' opinions of functional limitations were clear and convincing;

ORDER
Page - 1

(vi) whether the ALJ's summary of mental limitation in his RFC is supported by substantial evidence, including Dr. Gregg's opinion of specific limitations;

(vii) whether the job of hotel housekeeper can be performed by an individual with Ms. Ermey's limitations; and

(viii) whether the record is complete or further development is needed.

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the record, the court finds and orders as follows:

(1) The ALJ erred when he considered plaintiff's impairments at step-two in the administrative review process. Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th

Cir.1988)(adopting SSR 85-28)(emphasis added).

Here, the ALJ erred when he did not consider Plaintiff's migraine headaches a severe impairment at step-two. Ms. Ermey's migraine headaches are medically documented by Dr. Flynn, chief of neurology at Madigan. He noted that she gets 2-3 migraine headaches per month when taking Imitrex, but they had been more frequent in the past year because she had been prescribed Zomig, which is less effective than Imitrex. (Tr. 270-272). Ms. Ermey argues the headaches significantly affect her ability to work. To support her argument, in September 2005 Dr. Flynn's notes that the headaches occur 2-3 times per month. Id. Oddly, defendant argues Dr. Flynn's records support the ALJ's decision not finding any severe impairment caused by the migraines. Defendant argues, "The note in question actually states that Ms. Ermey had been '[treated] effectively with Imitrex 100 mg. as abortive' treatment. Tr. 270."

The undersigned is not persuaded by Defendant's contention. When read in its entirety Dr. Flynn's report fully support's Plaintiff's claim that she is impacted, more than minimally, by migraine headaches. Dr. Flynn's notes read:

> 38 y.o. RHF with a HX of migraines diagnosed in 1998. She had been Tx effectively with Imitrex 100 mg as abortive Tx, but when she moved to Ft. Lewis she said she was told she would have to take Zomig or see a Neurologist. She tried Zomig but it was not as effective as Imitrex. **She gets 2-3/mo when on Imitrex and more without it.** She develops an aura of "numb pain" in her R eye followed by white flashes, photo and sonophobia, N&V, and a throbbing H.A. She lies down in a dark quiet room with a cold compress over her head and takes phenegran followed by Imitrex when this happens. She said that she had never been placed on a prophylactic but she is on elavil 10 mg 'for sleep'.

Tr. 270 (emphasis added).

The evidence presented by Plaintiff satisfies the "de minimis" step-two standard. The medical evidence clearly supports finding a "severe" impairment at step-two, as the term is defined by the Ninth Circuit. In sum, the ALJ erred when he did not consider Plaintiff's migraine headaches as being a "severe" at step two in the five step evaluation process.

(2) Having found above that the ALJ erred when he evaluated plaintiff's impairments at step-two, the matter must be remanded to the administration to reconsider the step-two issue and to appropriately complete the five-step evaluation process in light of the additional severe impairment. Reconsideration, by a different ALJ, shall include a complete review and analysis of the medical opinion evidence, Plaintiff's testimony, and the lay witness evidence.

(3) Accordingly, the Court REMANDS the Social Security Administration's final decision for

further consideration with the additional direction that it be assigned to different Administrative Law Judge.

The clerk is directed to send copies of this Order to counsel of record.

DATED this 2nd day of March, 2009.

>*/s/ J. Kelley Arnold*
>J. Kelley Arnold
>U.S. Magistrate Judge

ORDER
Page - 4